UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Alonzo P. Swinton Jr., #14093-171 | ) C/A No. 4:09-1673-HFF-TER |
| Plaintiff, | ) |
| vs. | ) |
| | ) REPORT AND RECOMMENDATION |
| United States of America, | ) |
| Defendant. | ) |

## I. PROCEDURAL BACKGROUND

The Plaintiff, Alonzo P. Swinton ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on June 24, 2009. Plaintiff, a federal prisoner, alleges that his constitutional rights were violated by Defendant when he fell on three occasions while a dishwasher and was injured. Defendant, United States of America, filed a motion to dismiss on October 22, 2009. Because Plaintiff is proceeding pro se, the court issued an order on or about October 23, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendant's motion to dismiss could result in the dismissal of his complaint. Plaintiff filed a motion for extension of time to respond to the motion for summary judgment on November 30, 2009. This motion was granted and Plaintiff was given until December 28, 2009, to file a response or his case may be dismissed for failure to prosecute pursuant to Rule 41b of the Federal Rules of civil Procedure, i.e. with prejudice.

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

On December 21, 2009, Plaintiff filed a motion to hold this matter in abeyance pending exhaustion of his administrative remedies necessary to support amended claims, or, in the alternative, to dismiss the complaint without prejudice, and to quash the filing fee. (Doc. #32). Defendants filed a response to the motion objecting to holding the case in abeyance and to quashing the filing fee. However, as to the motion to dismiss without prejudice, Defendant states that it defers to the Court under Davis v. USX Corp., 819 F.2d 1270, 1273 (4th Cir. 1987), and Ellett Bros., Inc. v. United States Fidelity & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001) (*citing* S.A. Andes v. Versant Corp., 788 F.2d 1033 (4th Cir. 1986)).

As to Plaintiff's motion to hold this case in abeyance pending his exhaustion and not rule upon defendant's motion to dismiss, it is recommended that part of the motion (doc. #32) be DENIED. The Prison Litigation Reform Act ("PLRA") requires that a prisoner exhaust the available administrative remedies before filing a §1983 action concerning conditions of his confinement. 42 U.S.C. §1997e(a). See Cannon v. Washington, 418 F.3d 714, 719 (7th Cir.2005) [Prisoner may not file a lawsuit before exhausting his administrative remedies, even if he exhausts those remedies while the litigation is pending.]; Freeman v. Francis, 196 F.3d 641, 645 (6th Cir.1999) [Prisoner "may not exhaust administrative remedies during the pendency of the federal suit."].

As to the portion of plaintiff's motion that in the alternative his case be dismissed without prejudice, it is recommended that this motion (doc. #32) be GRANTED and defendant's motion to dismiss be deemed MOOT. Defendant did not object to this portion of the motion but defers to the Court under Fourth Circuit case law. A plaintiff's motion to voluntarily dismiss a claim should not be denied absent plain legal prejudice to the defendant. Ellett Bros., Inc. v. United States Fidelity & Guar. Co., 275 F.3d 384, 388 (4th Cir. 2001) (*citing* S.A. Andes v. Versant Corp., 788 F.2d 1033

2

(4th Cir. 1986)). Defendant has not asserted any prejudice. Further, a defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that it has filed a summary judgment motion. Andes v. Versant Corp., 788 F.2d 1033, 1036 n. 4 (4th Cir. 1986) or that it faces the prospect of a subsequent lawsuit, Ellett Bros., 275 F.3d at 388-389. Accordingly, it is recommended that the portion of Plaintiff's motion to dismiss this action without prejudice be GRANTED.

As to the portion of plaintiff's motion that requests the court quash the filing fee, it is recommended that the motion be DENIED. When the plaintiff initially filed his complaint, he also submitted an application to appear *in forma pauperis* which was granted by the court. The complaint was filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. In any event, § 1915 does not contemplate that the clerk will refund a filing fee to a losing plaintiff. *See Bell v. Clark*, 194 F.3d 781 (7th Cir. 1999) (finding that there is no refund of a filing fee just because a party is dissatisfied with the outcome of his quest, even where the merits were not considered). Accordingly it is recommended that plaintiff's motion to quash the filing fee be DENIED.

                                  Respectfully submitted,

                                  s/Thomas E. Rogers, III
                                  Thomas E. Rogers, III
                                  United States Magistrate Judge

April 28, 2010
Florence, South Carolina